UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANTHONY THROOP,<br><br>                Plaintiff,<br><br>v.<br><br>SECRETARY OF CORRECTIONS, et al.,<br><br>                Defendants. | Civil No.   08cv2109-MMA (CAB)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 65]** |

      Plaintiff, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983. On February 22, 2011, plaintiff filed a Motion for Appointment of Counsel. [Doc. No. 65.] In his Motion, plaintiff makes the following arguments for appointing counsel: he is confined in the segregated housing units which restricts his ability to obtain discovery; his classification status prohibits him from inquiring about the location of inmate witnesses, reviewing confidential records, or gaining information about similarly situated inmates; he has limited education; his claims have merit as similar meritorious claims were filed in other districts, the Court denied defendants' motion to dismiss, and defendants did not bring a motion to dismiss based on the merits. [Doc. No. 65 at pp. 3-7.] As another relevant factor, plaintiff states that he would like to bring class action claims and needs an attorney to do so. [Doc. No. 65 at p. 7.] For the reasons set forth below, plaintiff's request is **DENIED**.

      "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, pursuant

to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In the present case, the Court does not find the required exceptional circumstances.

Here, the Court finds neither a likelihood of success on the merits nor an inability on the part of plaintiff to articulate his claims. Plaintiff's complaint alleges violation of his state and federal due process and equal protection rights, conspiracy, retaliation, vindictive enforcement, and violation of his right against self-incrimination. The Court previously denied defendants' motion to dismiss the second amended complaint based on the ground that the complaint failed to comply with Federal Rule of Civil Procedure 8. [Doc. No. 62.] Since that time, defendants have brought a motion to dismiss many of the claims on their merits. [Doc. No. 66.] Thus, plaintiff's arguments that his claims have merit because the Court denied the prior motion to dismiss and defendants did not attack the merits in that prior motion do not show that he is likely to succeed. Moreover, other cases in different districts that may raise similar issues do not show that plaintiff's particular claims have merit.

Regarding the second prong of the analysis, plaintiff does not establish that he is unable to articulate his claims in light of the complexity of the case. Most of plaintiff's arguments involving the complexity of the claims address his difficulty in pursuing discovery because of his housing unit and gang validation. As the Ninth Circuit opined: "Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The claims at issue stem from his placement in a segregated housing unit after being validated a gang member. The issues

///

1  surrounding those claims involve the process of his validation and subsequent housing assignment which
2  do not seem extraordinarily complex.  Thus, plaintiff does not show that the legal issues are complex.
3        Additionally, although plaintiff's confinement in the segregated housing unit may limit his access
4  to some resources, plaintiff has been able to adequately articulate the issues to date.  Therefore, he has
5  not shown a lack of ability to articulate his claims *pro se.*  Although plaintiff states that he cannot make
6  class action claims without an attorney, plaintiff can articulate his own claims and is not entitled to
7  counsel to articulate the claims of others.  Plaintiff has amended his complaint and opposed motions to
8  dismiss, among filing other documents for miscellaneous relief.  Regardless of his limited education, he
9  presents the issues clearly and efficiently in an organized fashion.  Lastly, all prisoners have limited
10  access to confidential information and the location of other prisoners.  Those factors are not exceptional
11  circumstances justifying appointment of counsel.
12        *Pro se* litigants are afforded some leniency to compensate for their lack of legal training.  "In
13  civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and
14  must afford plaintiff the benefit of any doubt."  *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003)
15  (internal citation omitted).  This requirement of liberality applies to motions.  *See Bernhardt v. Los*
16  *Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (internal citations omitted).  Therefore, plaintiff may
17  be assured that his *pro se* status will be taken into account by the Court reviewing his papers.
18        Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice for
19  failure to demonstrate exceptional circumstances.
20        **IT IS SO ORDERED**.
21
22  DATED:  April 4, 2011
23
24                                        **CATHY ANN BENCIVENGO**
25                                        United States Magistrate Judge
26
27
28