FILED

2012 MAY 22 PM 3:44

CLERK US ...
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| EDWARD ANTHONY THROOP, | CASE NO. 08cv2109-MMA(KSC) |
|---|---|
| Plaintiff, | |
| vs. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A STAY OF THE ACTION |
| SECRETARY OF CORRECTIONS, et al., | |
| Defendant. | [Doc. No. 82] |

On February 24, 2012, plaintiff filed a Motion to Stay and a supporting Declaration, both of which request an indefinite stay of the entire action. On April 27, 2012, defendants filed a statement indicating they do not oppose plaintiff's request for a stay. For the reasons outlined below, the Court finds it appropriate to DENY plaintiff's request for an indefinite stay but to GRANT plaintiff a limited stay of the entire action.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Edward Anthony Throop, a state prisoner proceeding *pro se*, filed this action alleging violations of his civil rights under 42 U.S.C. § 1983. Based on the District Court's Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Second Amended Complaint [Doc. No. 76], the following claims remain at issue: conspiracy; retaliation; due process; and equal protection. Plaintiff's claims arise out of his placement and long-term retention in a segregated housing unit because of his alleged prison gang affiliation. Plaintiff believes defendants conspired against him and

commenced proceedings to transfer him to segregated housing based on his alleged gang affiliation in retaliation for the filing of a civil rights complaint against them. He also complains about the constitutionality of the procedures used to commit him to segregated housing on a long-term basis and the "mandatory debriefing" which is a precondition to release from segregated housing.

## DISCUSSION

Plaintiff seeks an indefinite stay of the entire action for two reasons. First, plaintiff has been contacted by a prisoners' rights organization known as California Prison Focus. This organization has expressed an interest in either transferring plaintiff's case to the Northern District of California or joining it with other cases under the Federal Rules, so it will be included in a class action challenging long-term, indeterminate commitments to segregated housing units without due process of law. Plaintiff provided Prison Focus with a copy of his Second Amended Complaint in January 2012 and is awaiting an evaluation of his case by the organization. Plaintiff is uncertain how long it will take for his case to be evaluated. It is his understanding Prison Focus is evaluating a number of cases, so it will take a long time for the staff to address his individual case. If his case is selected, plaintiff states he is willing to transfer and relinquish control over his case to Prison Focus because of the disadvantages he faces in prosecuting his claims in this action without counsel and while incarcerated in a segregated housing unit.

Second, plaintiff has a prior section 1983 case that is currently on appeal before the Ninth Circuit entitled *Throop v. Woodford*, No. 06cv2376-JAH(NLS). Appellate counsel was recently appointed to represent plaintiff in this matter, and he believes the case will soon be remanded to this Court for further proceedings. According to plaintiff, the allegations in *Throop v. Woodford* are factually related to the claims he has raised in this case. As a result, he argues we should stay this case until *Throop v. Woodford* is remanded by the Ninth Circuit, so discovery and trial dates in the two cases can proceed on the same track.

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). "Where it is proposed that a pending proceeding be stayed, the competing interests which will

be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 -1067 (9th Cir. 2007) If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).

Here, plaintiff's request is unopposed, and he has presented information that is sufficient to justify a brief stay of the proceedings, so his case can be evaluated by Prison Focus for possible inclusion in a class action challenging the procedures used to subject state prisoners to long-term, indeterminate commitments to segregated housing units. However, the Court does not find a sufficient basis for a longer, more indefinite stay to await a decision from the Ninth Circuit on plaintiff's appeal in the *Throop v. Woodford* case. A review of the Ninth Circuit's docket (Appeal No. 09-56068) does not suggest the matter will be remanded soon as plaintiff contends. Pro bono appellate counsel was only recently appointed on March 14, 2012. [Doc. No. 34.] Although a briefing order was issued when appellate counsel was appointed, the briefing schedule was later vacated, because the case was selected for participation in a Mediation Program. [Doc. Nos. 34, 36, 39.] Therefore, it appears plaintiff's appeal will return to the initial briefing stage, unless it settles during the mediation process. Under these circumstances, it is uncertain when or if the case will be remanded to this Court. It is also unclear what will remain of plaintiff's factually related claims even if the case is remanded here. The Court therefore declines to stay this case indefinitely pending the outcome of plaintiff's appeal in the *Throop v. Woodford* matter.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Motion for Stay is DENIED to the extent it requests an indefinite stay of the entire action pending the outcome of plaintiff's appeal in the *Throop v. Woodford* case.

///

2.    Plaintiff's Motion for Stay is GRANTED to the extent it requests a limited stay so his case can be evaluated by Prison Focus for possible inclusion in a class action challenging the procedures used to subject state prisoners to long-term, indeterminate commitments to segregated housing units.

3.    **_No later than July 6, 2012_**, plaintiff shall file and serve a Status Report advising the Court whether Prison Focus has completed its evaluation of plaintiff's case or when the evaluation is expected to be completed. If the evaluation has been completed by July 6, 2012, plaintiff shall also advise the Court how he intends to proceed with this action.

4.    All of the pre-trial dates and deadlines in the Case Management Order filed December 22, 2011, as well as the Mandatory Settlement Conference currently set for June 11, 2012, are VACATED pending the Court's receipt of the information provided by plaintiff in his Status Report on or about July 6, 2012.

IT IS SO ORDERED.

Date: May 22, 2012

KAREN S. CRAWFORD
United States Magistrate Judge